**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0119n.06

Case No. 19-3654

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| EDWIN DOLORES NUNEZ CASTRO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| WILLIAM P. BARR, Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |

**FILED**
Feb 25, 2020
DEBORAH S. HUNT, Clerk

**BEFORE: MOORE, KETHLEDGE and BUSH, Circuit Judges.**

**JOHN K. BUSH, Circuit Judge.** This appeal presents the same issue that was decided in *Garcia-Romo v. Barr*, 940 F.3d 192 (6th Cir. 2019): may "a notice to appear" for a removal proceeding under 8 U.S.C. §§ 1229(a), 1229b(d)(1) be served upon a noncitizen using multiple installments? Petitioner, Edwin Dolores Nunez Castro, a noncitizen, says no. We said yes in *Garcia-Romo*. 940 F.3d at 201. We have no license to overturn *Garcia-Romo*, *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985), and Castro does not even ask us to do so. We thus **DENY** Castro's petition for review.

**I.**

Castro is a Salvadoran national who entered the United States without inspection in 2007, at the age of eighteen. In 2010, he was arrested by Ohio police in connection with a vehicle accident, and following his incarceration, he was turned over to the Department of Homeland

Security (DHS), which initiated removal proceedings. In the proceedings before the immigration judge, Castro conceded that he was inadmissible as charged. He sought asylum, withholding of removal, and relief under the Convention Against Torture. The immigration judge denied Castro's application, and the Board of Immigration Appeals affirmed. Castro asked for and was granted the privilege of voluntary departure.

Castro did not depart as agreed. Instead, in 2018, he filed a motion with the Board to reconsider its previous removal order, and he sought cancellation of removal, a form of discretionary relief that the Attorney General may grant to noncitizens to allow them to remain in the United States if they meet certain eligibility requirements under 8 U.S.C. § 1229b(b)(1). One of those requirements is that the alien "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application." 8 U.S.C. § 1229b(b)(1)(A). There is no dispute that, at the time Castro filed his motion for reconsideration and for cancellation of removal, he had been physically present in the United States since 2007.

However, under the "stop-time" rule established by Congress, the accrual period of continuous physical presence is "deemed to end . . . when the alien is served a notice to appear under section 1229(a)." *Id.* § 1229b(d)(1). A "Notice to Appear," as defined and referred to in § 1229(a)(1), specifies that the noncitizen must be provided with written notice of several different categories of information, described in subsections (A)-(G) of that statutory provision. One of those categories is "[t]he time and place at which the [removal] proceedings will be held." *Id.* § 1229(a)(1)(G)(i).

In January 2010, Castro received a "Notice to Appear" document from DHS that contained all of the required information under § 1229(a)(1)(A)-(G) except for the time and date of the

removal proceedings. The next month, the Immigration Court sent Castro a document entitled "Notice of Hearing," which provided the required time-and-date information.

Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Castro argued to the Board in his motion for reconsideration that the stop-time rule was never triggered in his removal proceedings because he never received a single document that contained the information for all requisite categories. Thus, he argued, he continued to accrue continuous physical presence even after he received his "Notice to Appear" and "Notice of Hearing." The Board denied the motion as untimely, and further found that Castro's period of continuous physical presence had ended in 2010 when he received a "Notice of Hearing" containing the time-and-date information. The Board observed that "a ['Notice to Appear'] that does not include the time and place of an alien's initial removal hearing is perfected by the subsequent service of a Notice of Hearing . . . specifying that missing information." (R. 7-2 at PageID 7) This petition for review followed.

## II.

In his petition, Castro argues that the government is required to satisfy the requirements of 8 U.S.C. § 1229(a)(1)(A)-(G) in a single document, rather than in multiple installments, in order to serve as "a notice to appear" as used in § 1229b(d)(1) and thus trigger the stop-time rule in that latter statutory provision. Castro further argues that *Pereira v. Sessions* dictates this result in his favor.

But Castro's argument is foreclosed by our recent decision in *Garcia-Romo v. Barr*. There, we held that "written communications to a noncitizen in multiple components or installments may collectively provide all the information necessary to constitute 'a notice to appear' under 8 U.S.C. § 1229b(d)." *Garcia-Romo*, 940 F.3d at 201. We also considered and rejected Castro's argument that *Pereira* dictates the opposite result. *Id.* at 201, 203 ("*Pereira v. Sessions* . . . does not compel

a different interpretation than the ordinary meaning applied above. . . . In fact, our holding is entirely consistent with *Pereira*.").  The material facts in *Garcia-Romo* were nearly identical to those in this case, and Castro does not attempt to distinguish it.  Although we decided *Garcia-Romo* two days after he filed his opening appellate brief, Castro does not address *Garcia-Romo* in a reply brief of otherwise.  That case controls and is fatal to his claim.

### III.

For the foregoing reasons, we **DENY** the petition for review.